## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIRGINIA K. PARKER,            :
     Plaintiff,             :
                             :
     v.                      :     **CIVIL ACTION NO. 18-CV-4459**
                             :
THE POLICE DEPARTMENT OF    :
PHILADELPHIA, *et al.*,         :
     Defendants.           :

### MEMORANDUM

**JONES, J.**                                            **OCTOBER 26, 2018**

Plaintiff Virginia K. Parker filed this civil action against "The Police Department of Philadelphia," Simply Self Storage, Maximum Research, Hot Spot Auto Dealership, and the Social Security Administration.[1] She has also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) For the following reasons, the Court will grant Parker leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

## I.    FACTS

Parker's Complaint is based on a stream-of-consciousness narrative that references events that occurred in 2013 and 2015. Parker discusses various injuries that she allegedly sustained due to various accidents in her life, as well as personal events that she and other family members have endured. It is not clear what relief she seeks in this case.

Parker begins with the suggestion that a police officer contacted her family "of public corruption." (Compl. at 8.)[2] She then suggests that the Police Commissioner had lunch with a former co-worker of hers to let him know that she was "being robbed." (*Id.*) She also alleges

---

[1] She may also have intended to name Nyree Perez as a Defendant.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

that "City officials are taking what [she] earned and fraudulently withholding alteration documents to give [her] family and friends [her] money to have [her] live on the street," but it is not clear what she is referring to by this statement. (*Id.*)

Parker also alludes to a Judge "altering" an order about child support in 2016, but the details are not clear. (*Id.* at 8-9.) She also references the Social Security Administration, and suggests that her social security benefits were given to a family member.

Notably, Parker alleges in a previously-filed case that her daughter, Tiffany Thompson, was conspiring with others, including officers of the Philadelphia Police Department, to steal her social security benefits. *See Parker v Thompson*, E.D. Pa. Civ. A. No. 18-2894. Several of the individuals who are mentioned in Parker's instant Complaint were included as Defendants in her prior case or referenced therein, so it appears there is considerable overlap between the two cases.

## II.  STANDARD OF REVIEW

The Court will grant Parker leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Parker's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not

suffice." *Id.* As Parker is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Moreover, the Court may also dismiss a case that is duplicative of prior or pending litigation. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

### III. DISCUSSION

It is difficult to determine whether Parker has a basis for a plausible claim due to the manner in which the Complaint is pled. Having reviewed the Complaint several times, the Court is not clear of the basis for Parker's claims. It is not entirely clear what each Defendant did to cause Parker harm or to give rise to a legal claim. Furthermore, it appears that Parker's

Complaint duplicates, at least in part, allegations addressed in a previously-filed, pending lawsuit, *Parker v. Thompson*, E.D. Pa. Civ. A. No. 18-2894. As the Court cannot meaningfully review Parker's claims, she will be given an opportunity to file an amended complaint, so long as any amended complaint does not reassert issues raised in her prior case.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Parker leave to proceed *in forma pauperis* and will dismiss her Complaint. This dismissal will be without prejudice to Parker's right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____

C. DARNELL JONES, II, J.