# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA K. PARKER, *Plaintiff*, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 18-CV-4459 |
| THE PHILADELPHIA POLICE DEPARTMENT, *et al*, *Defendants*. | :<br>:<br>:<br>: |

## MEMORANDUM

**JONES, II  J.**                                                              **NOVEMBER 29, 2018**

Plaintiff Virginia K. Parker initiated this civil action by filing a Motion to Proceed *In Forma Pauperis* and a *pro se* Complaint against "The Police Department of Philadelphia," Simply Self Storage, Maximum Research, Hot Spot Auto Dealership, and the Social Security Administration.[1] (ECF Nos. 1 & 2.) In a Memorandum and Order entered on the docket on October 30, 2018, the Court granted Parker leave to proceed *in forma pauperis* and dismissed her Complaint without prejudice to amendment. (ECF Nos. 4 & 5). Parker returned with an Amended Complaint naming as Defendants "The Philadelphia Police Department – Main – Officers," Capt. John McCloskey, and Spec. Officer Bunion. (ECF No. 6.) The Court will dismiss Parker's Amended Complaint because it does not cure the defects in her initial pleading.

## I. FACTS AND PROCEDURAL HISTORY

Parker's initial Complaint was based on a stream-of-consciousness narrative that referenced events from 2013 and 2015. She indicated that a police officer contacted her family

---

[1] She may also have intended to name Nyree Perez as a Defendant.

"of public corruption." (Compl. at 8.)² She also suggested that the Police Commissioner had lunch with a former co-worker of hers to let him know that she was "being robbed." (*Id.*) She alleged that "City officials are taking what [she] earned and fraudulently withholding alteration documents to give [her] family and friends [her] money to have [her] live on the street," but it was not clear what she was referring to by this statement. (*Id.*) Throughout her allegations, Parker discussed injuries that she sustained due to various accidents in her life, as well as difficult personal events that she and other family members have endured.

Parker also alluded to a Judge "altering" an order about child support in 2016, but the details were not clear. (*Id.* at 8-9.) She also referenced the Social Security Administration and suggested that her social security benefits were given to a family member. Notably, Parker alleged in a previously-filed case that her daughter, Tiffany Thompson, was conspiring with others, including officers of the Philadelphia Police Department, to steal her social security benefits. *See Parker v. Thompson*, E.D. Pa. Civ. A. No. 18-2894.

After granting Parker leave to proceed *in forma pauperis* the Court dismissed her Complaint without prejudice. The Court observed that the basis for Parker's claims was not at all clear, and that her Complaint in part duplicated allegations addressed in her previously filed lawsuit, Civil Action Number 18-2894. The Court gave Parker leave to file an amended complaint to clarify the basis for her claims and instructed her not to reassert allegations raised in her prior lawsuit.

Parker's Amended Complaint is difficult to read due to the print quality of her filing. However, it appears that she attached the exact same recitation of facts to her Amended Complaint that was included with her initial Complaint. She alleges that Captain McCloskey

---

² The Court uses the pagination assigned to Parker's pleadings by the CM/ECF docketing system.

contacted her family "of public corruption" and notes that a third party robbed her. (Am. Compl. at 6.) She also discusses events and personal troubles dating back to the 1990s that do not appear to be related to the Defendants named in her Amended Complaint. She also repeats her general allegations that City officials are "taking what [she] earned and fraudulently withholding alteration documents to give [her] family and friends [her] money to have [her] live on the street." (*Id.*) As with her initial Complaint, the Amended Complaint is pled in a stream-of-consciousness manner with various allegations concerning events in Parker's life, including several allegations about social security checks, that do not clearly relate to each other. It is still not clear what relief she is seeking from the Court.

## II. STANDARD OF REVIEW

As Parker is proceeding *in forma pauperis*, her Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id* As Parker is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the

3

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

As with the initial Complaint in this case, the way the Amended Complaint is pled makes it difficult to determine whether Parker has any basis for a timely, plausible claim against the Defendants within this Court's jurisdiction. The Amended Complaint is difficult to read and appears to contain numerous unrelated allegations, some of which concern events in Parker's life going back several years or decades. It is also not clear what relief she seeks from the Court through this civil action. Accordingly, her Amended Complaint fails to comply with Rule 8 and fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Parker's Amended Complaint with prejudice. As Parker has been given an opportunity to amend her claims and has essentially repeated the same allegations, the Court concludes that further attempts at amendment would be futile. An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.

4